*Hamzah v. Lynch*

BIA
Segal, IJ
A093 396 876

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand fifteen.

PRESENT:
DENNIS JACOBS,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

YOK TJIN HAMZAH,
*Petitioner,*

v.                                                           14-1687
NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          David M. Haghighi, Law Offices of
                         David M. Haghighi APC, Los Angeles,
                         CA.

FOR RESPONDENT:          Joyce R. Branda, Acting Assistant
                         Attorney General; Ernesto H. Molina,

Jr., Assistant Director; Drew C. Brinkman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yok Tjin Hamzah, a native and citizen of Indonesia, seeks review of an April 29, 2014, decision of the BIA affirming an April 17, 2012, decision of an Immigration Judge ("IJ") denying Hamzah's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yok Tjin Hamzah,* No. A093 396 876 (B.I.A. Apr. 29, 2014), *aff'g* No. A093 396 876 (Immig. Ct. N.Y. City Apr. 14, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C.

2

§ 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I. Past Persecution

The IJ reasonably found that Hamzah did not suffer past persecution. "[P]ersecution is the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). "Such a definition is sufficiently general to encompass 'a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse, or non-physical forms of harm such as the deliberate imposition of a substantial economic disadvantage.'" *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quoting *Ivanishvili*, 433 F.3d at 341). For economic harm to constitute persecution, the harm must be "severe," but an applicant "need not demonstrate a total deprivation of livelihood or a total withdrawal of all economic opportunity in order to demonstrate harm amounting to persecution." *Matter of T-Z-*, 24 I. & N. Dec. 163, 170-73 (BIA 2007); *see also Huo Qiang Chen v. Holder*, 773 F.3d 396, 405 (2d Cir. 2014) (applying *Matter of T-Z-* without expressly deciding whether that case is entitled to deference).

3

There is no "fixed threshold for the economic harms that will manifest persecution"; rather, the determination turns on what impact the economic harm had on the victim. *Huo Qiang Chen*, 773 F.3d at 405.

The IJ reasonably found that Hamzah did not suffer past persecution based on the destruction of his computer store because he worked in a printing factory for four years afterwards and eventually opened his own laundry business. The incident, while unfortunate, did not impact Hamzah in such a way as to constitute a deliberate imposition of "severe economic disadvantage." *Id.* (internal quotation marks omitted).

The IJ also reasonably found that the bombing incidents Hamzah described did not constitute persecution because he was never physically injured. Although Hamzah testified that he and his family felt traumatized by the bombings, the record does not suggest that they suffered from any long-term psychological issues, or that the incidents that Hamzah asserts have traumatized him were severe enough to constitute persecution (even if considered cumulatively). *Cf. Jorge-Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir. 2006)(per curiam). The three bombing incidents occurred over the course of five years,

4

and while one occurred in the parking lot of the church where Hamzah and his family were worshipping, the other two clearly had nothing to do with Hamzah, his family or his religion.

**I.   Well-Founded Fear of Future Persecution**

To establish eligibility for asylum, an applicant like Hamzah, who has not suffered past persecution, must demonstrate a well-founded fear of future persecution.  *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006).  To do so, he must show that he "subjectively fears persecution and establish that his fear is objectively reasonable."  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2008).  There are two ways for an applicant to show objective fear: (1) offering evidence that he would be singled out individually for persecution, or (2) proving that a pattern or practice of persecution of similarly situated persons exists in his home country.  *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007); 8 C.F.R. § 1208.13(b)(2).  Hamzah does not challenge the agency's finding that he did not establish a well-founded fear that he would be individually targeted for persecution.

Substantial evidence supports the agency's finding that there is no pattern or practice of persecution of ethnic Chinese Christians in Indonesia. "To the extent the BIA has indicated that a 'pattern or practice' of persecution is one that is 'systemic, pervasive, or organized,' we have deemed that standard 'a reasonable one' while at the same time seeking clarification from the BIA as to how the standard might be applied reliably." *Jian Hui Shao*, 546 F.3d at 150 n.6 (citing *Mufied*, 508 F.3d at 92-93). When the agency's determination that an individual did not establish a pattern or practice of persecution is supported by background materials, the agency has provided a "sufficient basis" for its conclusion. *Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009)(per curiam).

Here, the overall record, particularly the State Department reports, supports the agency's findings, as the country conditions evidence shows that although there have been incidents of harassment and violence, the Indonesian government has attempted to address religious tensions; there is no evidence that the current violence is "systemic" or "pervasive." *Mufied*, 508 F.3d at 92-93.

Because Hamzah failed to demonstrate a well-founded fear of persecution, he necessarily could not meet the higher burden required for withholding of removal or CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7